IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY TYRONE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv904-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 filed on November 13, 2015, by Timothy Tyrone Johnson ("Johnson"). *Doc. No. 2*. Johnson challenges the 180-month sentence imposed by the district court in September 2008 following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Criminal Case No. 2:07cr279-MHT. He asserts that, based on the United Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015), the district court improperly enhanced his sentence under the residual clause of the Armed Career Criminal Act ("ACCA") when it found that his Alabama convictions for burglary were "violent felonies."[1] He maintains that he should be resentenced without

---

[1] The ACCA provides, in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not
>
> (continued...)

application of the ACCA. For the reasons that follow, the court finds that Johnson's motion should be denied and dismissed as a successive § 2255 motion filed without the required appellate court authorization

## I. DISCUSSION

Johnson maintains that under the holding of *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015), his sentence was improperly enhanced under the residual clause of the ACCA.[2] *Johnson* addressed the constitutionality of the residual clause of the ACCA, holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135

---

[1](...continued)
    suspend the sentence of, or grant a probationary sentence to, such person with respect
    to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). Therefore, the ACCA imposes a mandatory minimum sentence of fifteen years (180 months) on any person convicted under § 922(g), if that person has three prior convictions for a "violent felony" or a "serious drug offense." The ACCA further defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>     (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B).

[2] Burglary is an enumerated violent felony in the ACCA. This court takes no position on petitioner Johnson's residual-clause argument regarding the treatment of his burglary convictions as violent felonies under the ACCA.

S.Ct. at 2557.

This is the second § 2255 motion filed by Johnson attacking the conviction and/or 180-month sentence imposed in Criminal Case No. 2:07cr279-MHT. Johnson's first § 2255 motion was filed on December 7, 2010. *See* Civil Action No. 2:10cv1039-MHT, Doc. No 1. This court denied that § 2255 motion with prejudice after finding Johnson's claims for relief lacked merit. *Id.*, Doc. No. 20 (Feb. 15, 2013, Recommendation of Magistrate Judge) and Doc. Nos. 21 & 22 (Mar. 11, 2013, Opinion & Judgment of District Court).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

Johnson has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United*

*States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). This court lacks jurisdiction to consider Johnson's present § 2255 motion, and the motion should be summarily dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion (*Doc. No. 2*) be DISMISSED, as Johnson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

The parties may file any objections to this Recommendation on or before December 28, 2015. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of December, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE